ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI-ESPECIAL[1]

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC COMO AGENTE DE FAIRWAY ACQUISITIONS FUND, LLC<br><br>PARTE APELADA<br><br>V.<br><br>JAVIER R. APONTE BETANCOURT<br><br>PARTE APELANTE | KLAN202400653 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Municipal de Bayamón<br><br>Caso Núm.: SJ2022CV06717<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez.

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de agosto de 2024.

Comparece ante nosotros Javier R. Aponte Betancourt (Aponte Betancourt; apelante) mediante el presente recurso de apelación y nos solicita que revoquemos la *Sentencia* emitida el 21 de mayo de 2024, notificada al siguiente día, por el Tribunal de Primera Instancia, Sala Municipal de Bayamón (TPI de Bayamón).

Adelantamos que, por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

**I**

El 27 de julio de 2022, Island Porfolio Services, LLC (IPS) como agente gestor de Fairway Acquisitions Fund, LLC (FAF) (en conjunto apelada) presentaron una *Demanda* sobre cobro de dinero al amparo de la Regla 60 de Procedimiento Civil, *infra,* en el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI de San Juan).[2] Mediante esta, reclamó una deuda, vencida, líquida y exigible por la suma de $8,875.39 por concepto

---

[1] Mediante la Orden Administrativa OATA-2024-089, se modificó el Panel para atender el recurso debido a la inhibición del Hon. José I. Campos Pérez. Asimismo, de conformidad con la Orden Administrativa JP-2018-035, sec. 3.3(2), se designó a la Hon. Laura I. Ortiz Flores, Jueza Ponente del caso KLAN202400653.
[2] Apéndice del recurso, págs. 1-19.

principal contra la apelante. En lo pertinente, anejó a la referida *Demanda* un proyecto de *Notificación y Citación Sobre Cobro de Dinero* dirigida al señor Aponte Betancourt a la dirección postal Urb. Crown HLS 138 Ave. Winston Churchill PMP 85 San Juan PR 00926-6013 y un *Proyecto de Sentencia*.[3] Así pues, el 3 de agosto de 2022, el TPI de San Juan emitió una *Notificación* en donde señaló vista para el 5 de octubre de 2022 a las 9:45 am.[4] Además, ordenó la expedición de la citación. El 1 de agosto de 2022, el foro primario emitió una *Orden de Señalamiento Mediante Videoconferencia* en donde nuevamente señaló vista para el 5 de octubre de 2022 y le ordenó a la Secretaria expedir las citaciones del caso.[5]

El 4 de octubre de 2022, la parte apelada sometió una *Moción Sometiendo Documentos* a través de la cual anejó el recibo de correo certificado-y su hoja de rastreo- que acreditaba el envío de la Notificación-Citación al señor Aponte Betancourt.[6]

El 5 de octubre de 2022, se celebró vista mediante videoconferencia en el caso de autos.[7] A la referida vista solo compareció la parte apelada y su representación legal, sin embargo, la apelante no compareció ni su representación legal. En la vista, la parte apelada le notificó al TPI de San Juan que la notificación-citación fue *deliver*, no obstante, la misma fue devuelta a esta vía correo postal. Por tanto, le solicitó un término al TPI de San Juan para informar el curso de la acción a seguir. Debido a esto, el TPI de San Juan le concedió a la parte apelada un término de diez (10) días para informar el curso de acción a seguir y señaló vista de Regla 60 de Procedimiento Civil, *infra*, para el 14 de diciembre de 2022 a las 9:00 am mediante videoconferencia.

Posteriormente, el 7 de octubre de 2022, la parte apelada presentó una *Moción en Cumplimiento de Orden y Solicitud de Traslado*.[8] Mediante

---

[3] Apéndice del recurso, págs. 3-5.
[4] Apéndice del recurso, pág. 20.
[5] Apéndice del recurso, pág. 25.
[6] Apéndice del recurso, págs. 26-29.
[7] Apéndice del recurso, pág. 31.
[8] Apéndice del recurso, págs. 32-35.

esta le notificó al TPI de San Juan que, tras varias gestiones realizadas, encontró una nueva dirección del señor Aponte Betancourt correspondiente al Municipio de Guaynabo, por lo que solicitaron el traslado a la región judicial con competencia. Asimismo, anejó a dicha moción un proyecto de *Notificación y Citación Sobre Cobro de Dinero* dirigida al señor Aponte Betancourt con la dirección postal en Urb. Torrimar, 17-6 Calle Granada Guaynabo, PR 00966-3117.

La *Moción en Cumplimiento de Orden y Solicitud de Traslado* fue declarada Ha Lugar por el TPI de San Juan el 17 de octubre de 2022.[9] El 21 de octubre de 2022, el foro primario de San Juan ordenó el traslado del caso al TPI de Bayamón por ser la Región Judicial con competencia.[10] Igualmente, el 26 de octubre de 2022, el TPI de emitió una *Notificación* mediante la cual dejó sin efecto el señalamiento pautado para el 14 de diciembre de 2022 y ordenó la expedición de la notificación-citación que se anejó a la moción del 7 de octubre de 2022.[11] Por lo que se expidió una citación para vista en su fondo a celebrarse el 19 de enero de 2023 a las 2:00pm de forma presencial.

El 23 de diciembre de 2022, la parte apelada presentó una *Moción Sometiendo Documentos* mediante la cual anejó un recibo de correo certificado para acreditar el envío de la notificación-citación a la parte apelante.[12] También anejó la hoja de rastreo la cual arguyó que evidenciaba que la misma no fue reclamada(*unclaimed*) por la apelante. El recibo del correo certificado que se anejó a la moción aparece titulado en SUMAC como *Unclaimed*.[13] Surge de dicho recibo que el mismo fue enviado al señor Aponte Betancourt el 28 de octubre de 2022 a la Urb. Torrimar, 17-6 Calle Granada, Guaynabo, PR 00966-3117.

---

[9] Apéndice del recurso, pág. 36.
[10] Apéndice del recurso, pág. 38
[11] Apéndice del recurso, págs. 40-43.
[12] Apéndice del recurso, págs. 44-47.
[13] Véase Entrada Núm. 15 del expediente digital del caso Núm. SJ2022CV06717 en el Sistema Unificado de Manejo de y Administración de Casos (SUMAC).

Así las cosas, el 18 de enero de 2023, la parte apelada presentó una *Solicitud de Conversión a Procedimiento Ordinario y Autorización para Emplazar Personalmente*.[14] Por medio de esta, la parte apelada expresó que realizó gestiones para diligenciar la notificación-citación por correo certificado, lo cual resultó infructuoso. Asimismo, expresó que interesaba notificar personalmente a la parte apelante debido a que esta no había podido ser localizada. De este modo, solicitó un término más amplio que el establecido en la Regla 60 de Procedimiento Civil, *infra*. Así pues, solicitó que el caso de epígrafe continuara su trámite bajo el procedimiento ordinario para poder contar con el término de ciento veinte (120) días para emplazar que establece la Regla 4.4 de Procedimiento Civil, *infra*. Anejó a la referida moción un proyecto de emplazamiento dirigido al señor Aponte Betancourt con dirección en Urb. Torrimar, 17-6 Calle Granada, Guaynabo PR 00966-3117, el cual fue expedido por la Secretaría el 18 de enero de 2023.[15] Igualmente, ese mismo día el TPI de Bayamón declaró Ha Lugar la conversión del caso al procedimiento ordinario y dejó sin efecto el señalamiento del 19 de enero de 2023.[16]

El 10 de abril de 2023, la parte apelada sometió una moción en donde acreditó el emplazamiento personal de la parte apelante. [17] En esta informó que la parte apelante fue emplazada el 10 de abril de 2023 y anejó dicho emplazamiento diligenciado. Además, el 10 de abril de 2023, la parte apelada sometió una moción solicitando la anotación de rebeldía puesto que la parte apelante no contestó la *Demanda* en el término correspondiente luego de habérsele notificado la misma.[18] Así pues, el TPI de Bayamón dictó *Sentencia* el 12 de julio de 2023, notificada el 14 de julio de 2023, en donde le anotó la rebeldía a la parte apelante por su incomparecencia.[19] En consecuencia, el TPI de Bayamón declaró Ha Lugar

---

[14] Apéndice del recurso, pág. 48.
[15] Apéndice del recurso, págs. 49-52.
[16] Apéndice del recurso, pág. 53.
[17] Apéndice del recurso, págs. 54-58.
[18] Apéndice del recurso, págs. 63-67.
[19] Apéndice del recurso, págs. 68-75.

la *Demanda* y, además, ordenó a la parte apelante a pagar a la parte apelada los gastos, costas y honorarios. La referida *Sentencia* fue notificada al señor Aponte Betancourt a la siguiente dirección: Urb. Crown HLS, 138 Ave. Winston Churchill, San Juan, Puerto Rico 00929-6013.

Finalmente, el 17 de julio de 2023, la parte apelante comparece al pleito mediante una *Moción Urgente de Reconsideración.*[20] Adujo la parte apelante que había preparado una moción de prórroga para contestar la *Demanda*, sin embargo, no la pudo radicar debido a una emergencia familiar. Por tanto, solicitó que se dejara sin efecto la *Sentencia* y que se le concediera un término de veinticinco días para contestar la *Demanda*. Al siguiente día, el TPI de Bayamón le concedió un término de diez (10) días a la parte apelada para que expresara su posición en cuanto a la reconsideración presentada por la parte apelante.[21] Asimismo, el foro primario de Bayamón emitió una *Notificación* la cual dispuso "No Ha Lugar en este momento" en cuanto a la prórroga solicitada por la apelante.[22]

En cumplimiento con la orden del TPI de Bayamón, la parte apelada sometió una *Oposición a Solicitud de Reconsideración* el 28 de julio de 203.[23] En esencia, planteó que la moción de reconsideración de la parte apelante carecía de fundamentos que justificaran que el TPI de Bayamón reconsiderara su determinación y dejara sin efecto la *Sentencia*, esto en incumplimiento con la Regla 47 de Procedimiento Civil. Por tanto, solicitó que se declarara No Ha Lugar la referida moción.

El 26 de julio de 2023, el TPI de Bayamón notificó nuevamente la *Sentencia en Rebeldía* que había dictado el 12 de julio de 2023.[24] Dicha *Sentencia* fue notificada a la parte apelante a la siguiente dirección: Urb. Crown HLS 138, Ave. Winston Churchill, San Juan, Puerto Rico 00926-6013.

---

[20] Apéndice del recurso, págs.72-73.
[21] Apéndice del recurso, pág. 76.
[22] Apéndice del recurso, pág. 77.
[23] Apéndice del recurso, págs. 78-81.
[24] Apéndice del recurso, págs. 83-86. Ir a SUMAC porque la fecha es diferente…

Por su parte, el 10 de agosto de 2023, la parte apelante presentó una *R[é]plica a Oposición a Moci[ó]n Urgente de Reconsideración*.[25] En esta ocasión, la parte apelante argumentó: que el 3 de agosto de 2023 se expidió la Notificación y Citación de la Regla 60 de Procedimiento Civil, *infra*, por lo que el término de ciento veinte (120) días para emplazar personalmente al apelante expiraba el 1 de diciembre de 2022; que luego de dos intentos de notificar al apelante mediante correo certificado con acuse de recibo, este recibió devuelta la notificación y citación el 22 de noviembre de 2022 como *unclaimed*; que la parte demandante no solicitó la conversión del proceso a uno ordinario a pesar de haber recibido de vuelta la notificación; que la parte apelada esperó hasta el 18 de enero de 2023 para solicitar la conversión del proceso a uno ordinario, por lo que ya había expirado el término de ciento veinte (120) días para emplazar; que la parte apelada emplazó a la apelante el 10 de abril de 2023, esto es, a 257 días de haberse radicado la *Demanda* y a 250 días de haberse expedido la notificación y citación, por lo que el TPI de Bayamón venía obligado a desestimar la causa de acción de forma automática, sin concesión de prórroga alguna; que tenía interés en defenderse y aunque compareció luego de pasado el término para contestar; que cualquier dilación fue producto de la confusión creada por la parte apelada, ya que el emplazamiento era uno confuso por señalar que el mismo fue expedido en San Juan, tenía un numero de caso correspondiente a la Sala de San Juan, pero con un epígrafe de la Sala de Bayamón; y que la sentencia no era una final y firme. Por tanto, la parte apelante solicitó que se dejara sin efecto la *Sentencia*, se aceptara la representación legal del apelante y se desestimara la *Demanda* por falta de emplazamiento.

Además de lo anterior, el 10 de agosto de 2023, la parte apelante presentó su *Contestación a Demanda* en donde negó las alegaciones presentadas en su contra y levantó sus defensas afirmativas.[26] De igual

---

[25] Apéndice del recurso, págs. 88-96.
[26] Apéndice del recurso, págs. 97-100.

modo, ese mismo día la parte apelante presentó una *Moción Solicitando la Desestimación del Pleito Por Falta de Jurisdicción y Nulidad Emplazamiento.*[27]

El 11 de agosto de 2023, el TPI de Bayamón emitió una *Notificación* en donde señaló que la réplica presentada por la parte apelante se tenía por no puesta debido a que no había autorizado la presentación de réplicas ni dúplicas.[28] Asimismo, el foro primario de Bayamón emitió una *Resolución* mediante la cual estableció que la *Reconsideración* presentada por la parte apelante estaba pendiente de adjudicación, por lo que no había autorizado la presentación de la *Contestación a Demanda.*[29] Así pues, señaló que la alegación responsiva de la parte apelante se tenía por no puesta. Con relación a la moción de desestimación presentada por la apelante, el TPI de Bayamón emitió una *Notificación* en la cual dispuso lo siguiente: "**Se entretiene hasta tanto el Tribunal adjudique la Reconsideración presentada por la parte demandad[apelante].**"[30]

Posteriormente, la parte apelante sometió una *Moción Informando Error en la Notificación de la Sentencia, Solicitando que se Aco[ja] una Moción de Reconsideración Enmendada y que se Notifique la Sentencia Conforme a Derecho.*[31] En dicha moción, le solicitó al TPI de Bayamón que determinara que la *Sentencia* dictada no era final y firme hasta tanto se le notificara conforme a derecho; que aceptara la moción de reconsideración enmendada; que considerara la misma como una moción de reconsideración radicada dentro de los términos correspondientes; que ordenara a la Secretaría a corregir en el récord del Tribunal la dirección de la apelante; y, que ordenara que se notificara la *Sentencia* conforme a derecho.

---

[27] Apéndice del recurso, págs. 101-108.
[28] Apéndice del recurso, pág. 109.
[29] Apéndice del recurso, pág. 110.
[30] Apéndice del recurso, pág. 111.
[31] Apéndice del recurso, págs. 112-115.

Luego de algunos trámites procesales, el 7 de septiembre de 2023, el TPI de Bayamón emitió y notificó una *Resolución* en la cual dispuso lo siguiente:

> Si bien la parte demandada no adujo causa justificada en su escrito, no es menos cierto que de un examen del expediente ante nuestra consideración se desprende que la parte demandada pudiera tener una defensa meritoria. En consecuencia, se deja sin efecto la Sentencia dictada el 12 de julio de 2023 y se levanta la anotación de rebeldía. **Se le concede a la parte demandada el término final de diez (10) días para presentar alegación responsiva. Se le apercibe que el escrito inicialmente presentado como "Contestación a la Demanda" (véase entrada núm. 32 de SUMAC), y que el Tribunal diera como no presentado, no cumple con lo dispuesto en la Regla 6.2 (a) de Procedimiento Civil**. Se le impone, además, una sanción de $50 por haber dejado de presentar alegación responsiva dentro del término dispuesto en nuestro ordenamiento juríd[ic]o. Dicha sanción deberá ser satisfecha dentro de los próximos cinco (5) días.[32]

El 13 de septiembre de 2023, la parte apelada presentó una *Oposición a Desestimación.*[33] El 21 de mayo de 2024, notificada al siguiente día, esto es, **a siete (7) meses de emitida la *Resolución* que le requería a la apelante presentar la contestación a demanda,** el TPI dictó una *Sentencia* en la cual dispuso lo siguiente:

> **En vista de que la parte demandante presentó debidamente su *Oposición a la desestimación* del caso de epígrafe y la parte demandada no presentó su alegación responsiva ni cumplió con la sanción impuesta según ordenado el pasado 07 de septiembre de 2023**, el Tribunal dicta sentencia condenando a la parte demandada, a satisfacer a la parte demandante la cantidad en principal de $8,875.39, más intereses al tipo legal, más $887.53 por costas, gastos y honorarios de abogado.[34]

Inconforme con lo resuelto por el foro primario de Bayamón, el 6 de junio de 2024, la apelante presentó una *Moción Urgente de Reconsideraci[ó]n.*[35] No obstante, el TPI de Bayamón se sostuvo en su determinación original.[36]

---

[32] Apéndice del recurso. págs. 123-124.
[33] Apéndice del recurso, págs. 130-134.
[34] Apéndice del recurso, págs. 136-137A.
[35] Apéndice del recurso, págs. 138-165.
[36] Apéndice del recurso, pág. 166.

Aún inconforme con la determinación del TPI de Bayamón, la parte apelante acudió ante este Tribunal de Apelaciones el 8 de julio de 2024 y nos señala la comisión de los siguientes errores:

**Primer Error:** Erró el TPI al eliminar la Contestación a la demanda radicada por la parte demandante.

**Segundo Error:** Erró el TPI al requerir una contestación a la demanda antes de resolver la moción de desestimación radicada por la parte demandada bajo la Regla 10.2 de las de Procedimiento Civil de 2009.

**Tercer Error:** Erró el TPI al no resolver la moción de desestimación del pleito por falta de jurisdicción y nulidad del emplazamiento al amparo de la Regla 10.2 de las de Procedimiento Civil de 2009 en vista de que la parte la parte demandada no presentó su alegación responsiva ni cumplió con la sanción impuesta por no haber presentado una alegación responsiva dentro del término dispuesto en nuestro ordenamiento jurídico.

**Cuarto Error:** Erró el TPI al conceder a la parte demandada su solicitud de reconsideración de sentencia y dictar sentencia en rebeldía sin permitir que el caso se ventilara en los méritos en contra una clara política pública judicial de que los casos se ventilen en sus méritos

De otra parte, el 23 de julio de 2024, la apelada presentó una *Moción al Amparo de la Regla 40, Regla 83 (1) (3) y (4) de Desestimación del Reglamento del Tribunal de Apelaciones*. Según la parte apelada, el recurso apelativo no le fue notificado conforme a derecho, por lo cual debe ser desestimado por falta de jurisdicción.

Analizado el recurso, acordamos prescindir del escrito de la parte apelada "con el propósito de lograr [el] más justo y eficiente despacho", según nos faculta la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**II**

**A.**

La Regla 60 de Procedimiento Civil (Regla 60), 32 LPRA Ap. V, R. 60, establece lo siguiente:

Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. **La**

**parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado**.

La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el tribunal dictará sentencia conforme a lo establecido en la Regla 45. **Si se demuestra al tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario**.

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, **la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario**. (Énfasis nuestro).

El propósito primordial de la Regla 60, *supra*, es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación." *Asoc. Res. Colinas Metro. v. S.L.G.*, 156 DPR 88, 97 (2002). De esta manera, ciertos preceptos del resto de las Reglas de Procedimiento Civil resultan incompatibles con el propósito de simplificar los procedimientos ante el tribunal y el carácter sumario que distinguen a la Regla 60, *supra. Id.* Así, las restantes reglas se aplicarán de forma supletoria "en tanto y en cuanto éstas sean

compatibles con el procedimiento sumario de dicha Regla [60]". *Asoc. Res. Colinas Metro. v. S.L.G.*, *supra*, pág. 98. Por ello, por ejemplo, bajo la Regla 60, *supra*, se prescinde de la contestación a la demanda, del descubrimiento de prueba y no se considera la presentación reconvenciones o demandas contra terceros. *Id.*

Ahora bien, nuestro Tribunal Supremo ha señalado que procede la conversión de la Regla 60, *supra*, al proceso ordinario, como sigue: (1) si la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario; (3) partiendo de ese mismo interés, el tribunal *motu proprio* tiene la discreción para así ordenarlo, y (4) cuando la parte demandante no conoce ni provee el nombre y la dirección del deudor. *Cooperativa v. Hernández Hernández*, 205 DPR 624, 637–638 (2020). Asimismo, procede la conversión al procedimiento ordinario, **independientemente de que haya transcurrido el término de los diez (10) días que establece la Regla 60**, *supra*, **para diligenciar la notificación-citación**. *Id*.

**B.**

Nuestro ordenamiento procesal permite la presentación de mociones dispositivas. Esto es, que una parte solicite que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio plenario. A tal efecto, la Regla 10.2 de las de Procedimiento Civil (Regla 10.2), 32 LPRA Ap. V, establece los fundamentos por los que una parte pueda solicitar la desestimación de una demanda presentada en su contra, por los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; **(3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento;** (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable.

Por consiguiente, la moción de desestimación bajo la Regla 10.2, *supra*, "es aquella que formula el demandado antes de presentar su

contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra." *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). A pesar de que la Regla 10.2, *supra*, establece que las mociones dispositivas bajo la referida regla se pueden presentar previo a la contestación a la demanda, nada dispone sobre cuándo el Tribunal tiene que resolver la misma. Sin embargo, en cuanto a la moción de desestimación por el fundamento de falta de jurisdicción, nuestro Tribunal Supremo le ha otorgado discreción al foro primario para proceder a atender la moción dispositiva. En *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 705–706 (2012), nuestro Tribunal Supremo pautó lo siguiente:

> Es menester comenzar señalando que[,] en *Molina v. Supermercado Amigo, Inc.*, supra, enfatizamos que **el tribunal de instancia tiene gran discreción sobre cómo proceder cuando se plantee la defensa de falta de jurisdicción sobre la persona**, ya sea mediante alegación responsiva o en una moción de desestimación. En particular, desarrollamos un esquema de cuatro alternativas para que el foro de instancia seleccione cómo proceder cuando un demandado impugna la jurisdicción sobre su persona a través de una petición de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra.* El tribunal de instancia puede: (1) simplemente evaluar la moción considerando solo las alegaciones de la demanda; (2) si se adjuntan documentos y declaraciones juradas, analizar éstos conjuntamente con las alegaciones y los documentos y contradeclaraciones juradas que presente el demandante en su oposición; (3) señalar vista preliminar evidenciaria (decisión *motu proprio* o a solicitud de parte), o **(4) posponer la cuestión para decidirla después de la vista en su fondo al resolver el caso. (Énfasis nuestro.)**

**C.**

**Nuestro sistema judicial y la rápida disposición de los pleitos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con manejo y tramitación de los asuntos judiciales**. *BPPR v. SLG Gómez-López*, 2023 TSPR 145; 213 DPR __ (2023) que cita a *In re Collazo I*, 159 DPR 141, 150 (2003). Esta discreción se fundamenta en el conocimiento de los foros inferiores en las particularidades del caso ya que son estos quienes están en mejor posición para tomar las medidas necesarias para la disposición final de los casos. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012). De este

modo, los foros apelativos solo intervendremos los foros apelativos en la discreción de los foros primarios cuando las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. *BPPR v. SLG Gómez- López*, *supra*.

**D.**

Por otro lado, el emplazamiento es el mecanismo por el cual se notifica al demandado sobre la existencia de una demanda presentada en su contra y a través del cual el tribunal adquiere jurisdicción sobre su persona. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021). Mediante esta notificación se le llama al demandado a que ejerza su derecho a ser oído y a defenderse. *Id.* Las Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 987 (2020). Sin embargo, el método idóneo es el emplazamiento personal puesto que el uso de edictos procede por excepción y en circunstancias específicas. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1005 (2021).

La parte demandante cuenta con el término improrrogable de ciento veinte (120) días para diligenciar el emplazamiento personal. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018). La Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, dispone que "[t]ranscurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio." Dicho término comienza a transcurrir desde que se expide el emplazamiento por la Secretaría del Tribunal. Sin embargo, cuando se trata del emplazamiento por edicto, dicho término se prorroga tácitamente puesto que se trata de un nuevo emplazamiento distinto al personal que se expide al inicio junto a la presentación de la demanda. *Sánchez Ruiz v. Higuera Pérez et al.*, *supra,* pág. 994.

Conforme a la Regla 4.7 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.7, la persona que diligencie un emplazamiento tiene el deber de presentar

prueba al Tribunal para demostrar que fue gestionado a tiempo. Cuando lo diligencie una persona particular, deberá presentar una declaración jurada. *Id.* En cambio, si fuera por edicto, se demostrará su publicación mediante declaración jurada de un administrador o agente del periódico, acompañado por una copia del edicto publicado y un escrito que certifique que se depositó en el correo una copia del emplazamiento y la demanda. Pertinente a este caso, esta disposición establece que "[l]a omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez". *Id.*

**E.**

Las Reglas de Procedimiento Civil, 32 LPRA Ap. V*,* proveen para que un tribunal, a iniciativa propia o a solicitud de la parte demandada, pueda decretar la desestimación de la demanda u otras alegaciones si la parte demandante o promovente **deja de cumplir con las reglas procesales o con cualquier orden del tribunal**. En específico, a Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2 (b), regula las desestimaciones por inactividad o dejadez, la cual es un mecanismo que el tribunal a su discreción para darle fin a un caso que ha sido desatendido por un litigante. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 49 *(2014). No obstante, la discreción judicial está condicionada por una serie* de salvaguardas reconocidas a la parte litigante.

La desestimación es la sanción más drástica que puede imponer un tribunal ya que tiene el efecto de una adjudicación en sus méritos y, por lo tanto, cosa juzgada, salvo que sea por falta de jurisdicción o de parte indispensable. 32 LPRA Ap. V., R. 39.2(c). *Sánchez v. Adm. Corrección et al.*, R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed. San Juan, PR, Ed. Lexisnexis, 2010, pág. 369. Debido a los efectos de la desestimación, es menester que los tribunales atemperen su aplicación frente a la política pública de que los casos se ventilen en sus méritos. *Sánchez Rodríguez v. Adm. De Corrección,* 177 DPR 714, 721 (2010). Ciertamente, el uso desmesurado de este

mecanismo procesal puede vulnerar el fin que persiguen los tribunales, que es impartir justicia. *Id.* Por tanto, "al ser esta sanción la más drástica que puede imponer un tribunal ante la dilación en el trámite de un caso, se debe recurrir a ella en casos extremos". *Id.*, pág. 721, que cita a *Álamo Romero v. Adm. de Corrección*, 175 DPR 314 (2009).

Por ello, está claro que "[u]na parte no tiene derecho a que su caso adquiera vida eterna en los tribunales" y que "[l]a tardanza en el cumplimiento de cualquier orden de un tribunal debe justificarse". *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 816 y 818 (1986); *Lluch v. España Service Sta.*, 117 DPR 729 (1986). Así pues**, en los casos en que no hay duda de la crasa falta de diligenciamiento de la parte contra quien se impone la sanción y no median circunstancias que atenúan la misma, procede la desestimación bajo esta regla con el efecto de cosa juzgada**. (Énfasis nuestro.). R. Hernández Colón, *op. cit.* pág. 371.

**III**

En su recurso apelativo, la apelante presentó cuatro (4) señalamientos de error. La apelante planteó que incidió el TPI de Bayamón, como sigue: al eliminar la contestación a la demanda radicada por la apelante; al requerirle a la parte apelante que presentara su alegación responsiva antes de resolver una moción dispositiva bajo la Regla 10.2 de Procedimiento Civil, *supra*; al no resolver la moción de desestimación por falta de jurisdicción al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, en vista de que la apelante no presentó su alegación responsiva ni cumplió con la sanción impuesta por no haber presentado una contestación a la demanda dentro del término dispuesto en nuestro ordenamiento jurídico; y, al no permitir que el caso se ventilara en los méritos. Por estar íntimamente relacionados, discutiremos los errores en conjunto.

El caso ante nuestra consideración requiere de un resumen procesal para su mejor entendimiento. Se desprende del caso de autos que el TPI de Bayamón dictó *Sentencia* el 12 de julio de 2023, notificada el 14 de julio

de 2023, en donde le anotó la rebeldía a la parte apelante por su incomparecencia y, en consecuencia, declaró Ha Lugar la *Demanda* del caso de epígrafe. Así las cosas, **la parte apelante comparece por primera vez el 17 de julio de 2023 mediante *una Moción Urgente de Reconsideración*** en la cual solicitó que se dejara sin efecto la *Sentencia* y que se le concediera un término de veinticinco días (25) para contestar la *Demanda*. En cuanto a la prórroga para contestar, el foro primario señaló "No ha Lugar en este momento". Por su parte, la apelada se opuso a la referida moción de reconsideración y, el 26 de julio de 2023, el TPI de Bayamón notificó nuevamente una *Sentencia en Rebeldía* que declaró Ha Lugar la *Demanda*.

Posteriormente, el 10 de agosto de 2023, la parte apelante presentó una *R[é]plica a Oposición a Moci[ó]n Urgente de Reconsideración*, una *Contestación a Demanda* y una *Moción Solicitando la Desestimación del Pleito por Falta de Jurisdicción y Nulidad Emplazamiento*. Asimismo, el 11 de agosto de 2023, el TPI de Bayamón emitió una *Notificación* en donde señaló que la réplica presentada por la parte apelante se tenía por no puesta. Igualmente, el foro primario de Bayamón emitió una *Resolución* mediante la cual estableció que la *Reconsideración* presentada por la parte apelante estaba pendiente de adjudicación, por lo que no había autorizado la presentación de la *Contestación a Demanda* y esta se tenía por no puesta. Con relación a la moción de desestimación, el TPI de Bayamón emitió una *Notificación* en la cual dispuso lo siguiente: "**Se entretiene hasta tanto el Tribunal adjudique la Reconsideración presentada por la parte demandad[apelante]".**

Luego de algunos trámites procesales, el 7 de septiembre de 2023, el TPI de **Bayamón dictó una *Resolución* mediante la cual dejó sin efecto la *Sentencia* dictada el 12 de julio de 2023 y levantó la anotación de rebeldía. Además, le concedió a la parte apelante el término final de diez (10) días para contestar la *Demanda*; le apercibió a la parte apelante que el escrito inicialmente presentado como *Contestación a***

*la Demanda* **y, que el Tribunal dio como no presentado, no cumplió con la Regla 6.2 (a) de Procedimiento Civil; y, le impuso una sanción de $50 por haber dejado de presentar alegación responsiva dentro del término dispuesto en nuestro ordenamiento jurídico, la cual debió ser satisfecha dentro de los próximos cinco (5) días de dictada la** *Resolución*. No obstante, la parte apelante incumplió con lo ordenado por el TPI de Bayamón y este dictó *Sentencia* nuevamente en contra de esta el 21 de mayo de 2024. **Transcurrieron siete (7) meses desde que el TPI ordenó a la apelante presentar la contestación a demanda**.

Como bien señalamos previamente, nuestro ordenamiento procesal permite que la parte demandada en un pleito presente una moción dispositiva, bajo la Regla 10.2 de Procedimiento Civil, *supra*, antes de presentar su contestación a la demanda. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*. No obstante, el Tribunal tiene gran discreción para atender la misma. Así pues, el foro primario podrá atender la moción de desestimación previo al juicio en su fondo o después de resolver el caso. *Trans-Oceanic Life Ins. v. Oracle Corp.*, *supra*.

El Tribunal Supremo ha señalado que el tribunal de instancia tiene gran flexibilidad y discreción para lidiar con manejo y tramitación de los asuntos judiciales. *BPPRP v. SLG Gómez-López*, *supra*. Por tanto, los foros apelativos solo intervendremos cuando las decisiones emitidas por el foro primario resulten arbitrarias o en un abuso de su discreción. *Id*.

El TPI de Bayamón tenía gran discreción para solicitar la contestación a la demanda y atender la misma antes de entrar a atender la moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*. Además, la parte apelante tenía mecanismos para atacar la *Resolución* que le ordenaba presentar la contestación a la *Demanda* luego de haber presentado previamente la moción de desestimación. La apelante muy bien pudo solicitar la reconsideración ante el foro primario o solicitar un recurso apelativo. Incluso, la propia parte apelante no está clara de si el foro primario atendió o no la moción de desestimación cuando en su

alegato apelativo señala: "Tal como está escrita la sentencia **da la impresión** de que el TPI no resolvió la moción de desestimación…".[37] (Énfasis nuestro.)

Sin embargo, de la *Sentencia* revisada surge que el TPI convirtió el proceso de uno sumario a uno ordinario, ordenó expedir el emplazamiento correspondiente y la parte apelante fue debidamente emplazada el 10 de abril de 2023 todo ello en conformidad con lo dispuesto por nuestro más alto foro en el caso de *Cooperativa v. Hernández Hernández*, 205 DPR 624 (2020).

Ante la ausencia de una actuación arbitraria y caprichosa, este Tribunal de Apelaciones no tiene razones ante su consideración para intervenir en la discreción del foro inferior en el manejo del caso. El incumplimiento de una de las partes con las órdenes del tribunal puede acarrear la desestimación del caso. *Cirino González v. Adm. Corrección et al.*, *supra*.

Si bien es cierto que la desestimación de un pleito es la sanción más drástica que puede imponer un tribunal ya que tiene el efecto de una adjudicación en sus méritos y, por lo tanto, cosa juzgada, las partes no tienen derecho a una vida eterna en los tribunales, por lo que la tardanza en el cumplimiento de cualquier orden de un tribunal debe justificarse. *Dávila v. Hosp. San Miguel, Inc.*, *supra*.

Surge del tracto procesal del caso ante nuestra consideración que la parte apelante no contestó la *Demanda* dentro del término que establece nuestro ordenamiento procesal, por lo que el TPI de Bayamón le anotó la rebeldía y dictó *Sentencia* en su contra. Sin embargo, luego de la comparecencia de la parte apelante, el foro apelado dejó sin efecto la *Sentencia en Rebeldía* y le dio un término de diez (10) días para que contestara la demanda y, además, le impuso una sanción monetaria. No obstante, la parte apelante compareció nuevamente al pleito mediante una

---

[37] *Apelación*, pág. 10.

moción de reconsideración luego de que el TPI dictara *Sentencia* luego de haber transcurrido siete (7) meses de haberle ordenado a la parte que contestara la *Demanda*.

Resolvemos que el TPI de Bayamón tuvo motivos suficientes para dictar sentencia en contra de la parte apelante, actuó dentro de su discreción en el manejo del caso, y no cometió los errores señalados.

**IV**

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada. Además, declaramos No Ha Lugar la *Moción al Amparo de la Regla 40, Regla 83 (1) y (4) de Desestimación del Reglamento del Tribunal de Apelaciones* presentada por la parta apelada.

**Notifíquese.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones